IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, § | |
| § | |
| v. § | Cr. No. C-07-57 (3) |
| § | |
| ROBERT WILLIAM AYERS, III. § | |

## ORDER

### I. BACKGROUND

Defendant Robert William Ayers III ("Ayers") pleaded guilty pursuant to a written plea agreement, and was sentenced by this Court on June 8, 2007. (D.E. 55.) Final judgment was entered against him on June 13, 2007, and he timely appealed. (D.E. 58, 62.) Although Ayers filed his notice of appeal *pro se* (D.E. 62), his appointed counsel in the underlying proceedings, Edward F. Garza, has continued to represent him and has taken steps to prosecute the appeal, such as the ordering of transcripts. (See D.E. 67.) Garza is also listed as counsel of record before the Fifth Circuit. See, e.g. United States v. Ayers, No. 07-40653 (5th Cir.) (August 15, 2007 briefing notice sent to Garza as Ayers' counsel).

### II. PENDING MOTIONS

Since filing his notice of appeal, Ayers has filed a number of other *pro se* motions requesting relief in conjunction with his appeal. Specifically, the following are pending before the Court:

1. A letter motion to the Court's case manager requesting assistance in contacting a case agent and an attorney to "protect [his] interests" (D.E. 70);

2. Three motions for appointment of new counsel on appeal (D.E. 69, 71, 75);

3. A letter motion requesting transcripts and transcript order forms (D.E. 72); and

4. A motion to proceed *in forma pauperis* ("*ifp*") (D.E. 80.).

### III.  DISCUSSION

As previously noted, Ayers was entitled to appointed counsel during his criminal proceedings. A criminal defendant who was determined to be financially unable to obtain an adequate defense in a criminal case is permitted to appeal *ifp* without further authorization unless the district court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed *ifp*. Fed. R. app. P. 24(a)(3). No such certification has been issued in this case. Accordingly, Ayers is entitled to proceed on appeal *ifp* and is also entitled to appointed counsel on appeal. Indeed, he is already being permitted to proceed *ifp*, to obtain transcripts at government expense, and is represented by appointed counsel. Thus, his motion to proceed *ifp* (D.E. 80) and his motion for transcripts (D.E. 72) are unnecessary and are DENIED AS MOOT.

In support of his request for substitute counsel to represent him on appeal, Ayers has asserted that his counsel did not "go the way I asked him to go" (D.E. 69), that counsel filed motions with inaccurate dates (D.E. 69), and that his counsel is not returning calls from him or his family. (D.E. 71.) Because Ayers' appeal is currently before the Fifth Circuit Court of Appeals, his motions for substitution of counsel are properly addressed by that court. Accordingly, Ayers' motions for new counsel on appeal (D.E. 69, 71, 75) are hereby TRANSFERRED to the Fifth Circuit for resolution.

Finally, Ayers' letter motion requesting assistance in contacting a case agent (D.E. 70) is a matter that this Court cannot assist him with directly and the motion is therefore DENIED. Ayers should work through his counsel to contact the case agent. Additionally, the Clerk is directed to provide a copy of Ayers' letter motion (D.E. 70) to the United States Attorneys' Office, in order to facilitate any communication between the case agent and Ayers or his counsel.

## IV.   CONCLUSION

For the foregoing reasons, Ayers' motion for transcripts (D.E. 72) and motion for *ifp* status (D.E. 80) are unnecessary and are therefore DENIED AS MOOT.  Ayers' motions for substitute counsel on appeal (D.E. 69, 71, 75) are TRANSFERRED to the Fifth Circuit for resolution.  Ayers' letter motion requesting assistance in contacting a case agent (D.E. 70) is DENIED, but the Clerk is directed to send a copy of the letter motion (D.E. 70) to the United States Attorney to facilitate any communication between Ayers and the case agent.

It is ORDERED this 22nd day of August, 2007.

_____
Janis Graham Jack
United States District Judge