UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CRIMINAL ACTION NO. C-07-57-3 |
| | § |
| ROBERT WILLIAM AYERS III | § |

### ORDER DENYING MOTION TO COLLECT PHYSICAL EVIDENCE

Pending before the Court is a motion filed by Defendant Robert William Ayers III ("Ayers") that is titled as a "Motion to Collect Physical Evidence at Government Expense." (D.E. 87.) In it, Ayers requests that his two co-defendants be required to provide a hair sample for a hair follicle drug test, and that such tests be performed at government expense. He contends that the requested tests will show that his co-defendants "were in fact still using drugs . . . and have been as long as [Ayers] has been acquainted with them." (D.E. 87 at 1.) He argues that the results from the test will therefore contradict his co-defendants' alleged statements during the criminal proceedings that "they have been drug-free for up to 11 years." (Id.) He also requests that the Court subpoena records from the Brooks Detention Center, which he contends may confirm the fact that the medical staff there noted track marks on the arms of both co-defendants. (D.E. 87 at 2.) He believes that this evidence will show that both defendants "perjur[ed] themselves" in order to obtain a reduced sentence for themselves and to enhance his sentence. (D.E. 87 at 2.)

Ayers pleaded guilty to the indictment against him and was sentenced before this Court. His direct criminal appeal is currently pending before the Fifth Circuit Court of Appeals. See generally docket sheet in United States v. Ayers, No. 07-40653 (5th Cir.) (reflecting that counsel has filed an Anders brief and moved to withdraw, and that Ayers has been granted an extension

until February 8, 2008 to file a response). By the instant motion, Ayers is essentially seeking pre-trial discovery, despite the fact that he pleaded guilty and that judgment has already been entered in his criminal case. He has not provided any authority for the Court to order that such evidence be obtained at this point in his case. Moreover, if the Fifth Circuit were to decide his appeal is his favor, the case may be remanded for further proceedings, and his requests for discovery could be addressed again at that time.

The Court further notes that it is doubtful whether testing on hair follicles from his co-defendants at this juncture would provide any useful or relevant information as to their drug use at the time of their arrest, which occurred approximately on year ago, on January 25, 2007.

For the foregoing reasons, the Court concludes that Ayers is not entitled to the discovery he seeks at the present time. Accordingly, his motion to collect physical evidence at government expense (D.E. 87) is DENIED.

SIGNED and ORDERED this 25th day of January, 2008.

_____
Janis Graham Jack
United States District Judge